# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FIELDS,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>TITAN MARINE,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 11cv0222-DMS (NLS)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE, GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>[Doc. No.14.] |

## INTRODUCTION

In this personal injury case Plaintiff seeks to compel the depositions of Defendant's president and four of Defendant's employees. Having considered the parties' arguments and based on the following, the Court **GRANTS** Plaintiff's motion to compel.

## RELEVANT BACKGROUND

Plaintiff, Jason Fields ("Plaintiff"), has brought this personal injury action under the Jones Act, against his employer, Defendant Titan Marine ("Titan"), a corporation that builds boats. [Doc. No. 1; Complaint ("Compl.").] Plaintiff alleges he was on shore doing repairs on Titan's prototype 75-foot sportfishing vessel, *C-Bandit*, when he fell through an open hatch in the forward state room suffering injuries in excess of $75,000. (Compl. ¶ 10; Joint Motion ("Mot.") at 3.)

Plaintiff alleges that at the time of the accident, he was a seaman and a member of *C-Bandit*'s crew. (Mot. at 3.) Titan contends Plaintiff was not a "seaman" within the meaning of the Jones Act

1  but was instead a shoreside mechanic assigned to the boat building shop on shore.  (Mot. at 10.)

2  The Court issued a Scheduling Order setting a discovery deadline of November 1, 2011. [Doc. No. 12.]  Subsequently, Plaintiff deposed two Titan employees, Richard Krug and Bruce Witt, and Defendant deposed Plaintiff.  (Mot. at 1.)  The depositions of three other employees, Roger Evraets, Robert McCurley, and Brian Harkins (an employee of a company affiliated with Titan) were scheduled for October 18, 2011.  Plaintiff had also requested dates for the deposition of William McWethy, Titan's president, and another Titan employee, David Salinas.  However, on October 14, 2011, Defendant stated its intention to file a motion for summary judgment and refused to produce the remaining individuals for deposition.  (Mot. at 2.)  On November 21, 2011, the parties filed this present joint motion to determine whether Defendant should be compelled to continue discovery.

**DISCUSSION**

(a)   *The Parties' Arguments*

Defendant states this Court "directed the parties to delve into the seaman status issue first; to be followed by a defense motion for summary judgment testing the seaman status issue." (Mot. at 11.) Based upon this understanding, Defendant took the position that discovery was no longer necessary and that all facts for disposition of a summary judgment motion had been uncovered.  Plaintiff argues discovery was not limited to the issue of whether Plaintiff was a seaman and even if that were the case, he has yet to depose individuals who could provide information that could form a basis for his opposition to the summary judgment motion.

(b)   *Legal Standards*

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

"Relevance for purposes of discovery is defined very broadly."  *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the burden of

1  establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party
2  opposing discovery has the burden of showing that the discovery should be prohibited, and the burden
3  of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at * 1
4  (S.D. Cal. May 14, 2009). Those opposing discovery are "required to carry a heavy burden of
5  showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir.
6  1975).

7      (c)    *Determination*

8  Plaintiff has met his burden of establishing that the discovery he seeks is relevant to the issues
9  in this case.

10  Plaintiff specifically states that McWethy's testimony will establish that he signed a Captain
11  Registration Form identifying Plaintiff as a *C-Bandit* crew member. (Mot. at 7.) Evraets and
12  McCurley both work in the boat building shop and Plaintiff states they can testify that Plaintiff
13  stopped regularly working in the shop, performed work as a deckhand, and that Plaintiff's supervisors
14  referred to him as a crewmember of the vessel. (*Id.*) Plaintiff seeks testimony from Harkins to clarify
15  the relationship between Titan and its affiliated company, Pacific Hospitality Group, for whom
16  Harkins is chief financial officer and from whom Plaintiff received paychecks while he actually
17  worked for Titan. (*Id.*) Harkins will also be able to provide information regarding Plaintiff's
18  employee classification for purposes of pay. (Mot. at 7-8.) Finally, Plaintiff states the deposition of
19  David Salinas became necessary when employee Witt testified during his deposition that the last thing
20  he saw on the day of the accident was Salinas standing in the open hatch, sanding woodwork. (Mot.
21  at 8.) Witt also stated that employees of non-party Knight and Carver may also have been working
22  in the forward state room after Witt left that day. (*Id.*) Plaintiff thus wants to depose Salinas
23  regarding whether he left the hatch open or whether he saw the Knight and Carver employees working
24  there. (*Id.*)

25  Defendant has failed to meet its burden that the discovery sought by Plaintiff should be
26  prohibited. First, while the Court may have directed the parties to *focus* on the seaman issue *for the*
27  *purpose of informing the Court whether they required a mediator's opinion* on the issue, the Court
28  did not *limit* discovery to that issue. Had the Court intended this, it would have so stated in the

1  subsequent Scheduling Order issued over a month after the Early Neutral Evaluation. [Doc. No. 12.]

2  Second, having not even filed a motion for summary judgment, Defendant uses the intention to file as a justification for allowing the discovery period to run without providing relevant discovery to Plaintiff. Disposition of a summary judgment motion is only proper after "adequate time for discovery." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). Based on the specific arguments presented by Plaintiff in this motion, there has not been adequate discovery in this case. Therefore, even if this Court were to deny Plaintiff's motion to compel, Plaintiff would have a basis upon which to file a motion for further discovery once Defendant's motion for summary judgment was filed pursuant to Federal Rule of Civil Procedure 56(c)(4)(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may...(2) allow time...to take discovery.

## CONCLUSION

There was no limitation set by the Court on the subject of discovery. Plaintiff requested depositions prior to the discovery deadline set in the Scheduling Order. Under Rule 26 Plaintiff is entitled to broad discovery, and under Rule 56, to adequate time for discovery to support his opposition to a motion for summary judgment. Accordingly, the Court **GRANTS** Plaintiff's request to compel the depositions of Roger Evraets, Robert McCurley, William McWethy, Brian Harkins and David Salinas. The Court will issue a First Amended Scheduling Order setting new deadlines to accommodate the additional discovery.

**IT IS SO ORDERED**.

DATE: December 2, 2012

NITA L. STORMES
United States Magistrate Judge