1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JASON FIELDS,                              CASE NO. 11cv0222-DMS (NLS)

12                              Plaintiff,       **ORDER RE JOINT MOTION FOR**
                                                **DETERMINATION OF DISCOVERY**
13        vs.                                    **DISPUTE, GRANTING PLAINTIFF'S**
                                                **MOTION TO COMPEL**
14   TITAN MARINE,
                                                [Doc. No.14.]
15                              Defendant.

16

17                              **INTRODUCTION**

18        In this personal injury case Plaintiff seeks to compel the depositions of Defendant's president

19   and four of Defendant's employees.  Having considered the parties' arguments and based on the

20   following, the Court **GRANTS** Plaintiff's motion to compel.

21                         **RELEVANT BACKGROUND**

22        Plaintiff, Jason Fields ("Plaintiff"), has brought this personal injury action under the Jones Act,

23   against his employer, Defendant Titan Marine ("Titan"), a corporation that builds boats.  [Doc. No.

24   1; Complaint ("Compl.").]  Plaintiff alleges he was on shore doing repairs on Titan's prototype 75-foot

25   sportfishing vessel, *C-Bandit*, when he fell through an open hatch in the forward state room suffering

26   injuries in excess of $75,000.  (Compl. ¶ 10; Joint Motion ("Mot.") at 3.)

27        Plaintiff alleges that at the time of the accident, he was a seaman and a member of *C-Bandit*'s

28   crew.  (Mot. at 3.)  Titan contends Plaintiff was not a "seaman" within the meaning of the Jones Act

                                    - 1 -                            11cv0222-DMS (NLS)

1   but was instead a shoreside mechanic assigned to the boat building shop on shore.  (Mot. at 10.)

2         The Court issued a Scheduling Order setting a discovery deadline of November 1, 2011. [Doc.

3   No. 12.]  Subsequently, Plaintiff deposed two Titan employees, Richard Krug and Bruce Witt, and

4   Defendant deposed Plaintiff.  (Mot. at 1.)  The depositions of three other employees, Roger Evraets,

5   Robert McCurley, and Brian Harkins (an employee of a company affiliated with Titan) were scheduled

6   for October 18, 2011.  Plaintiff had also requested dates for the deposition of William McWethy,

7   Titan's president, and another Titan employee, David Salinas.  However, on October 14, 2011,

8   Defendant stated its intention to file a motion for summary judgment and refused to produce the

9   remaining individuals for deposition.  (Mot. at 2.)  On November 21, 2011, the parties filed this

10  present joint motion to determine whether Defendant should be compelled to continue discovery.

11  <center>**DISCUSSION**</center>

12        (a)    *The Parties' Arguments*

13        Defendant states this Court "directed the parties to delve into the seaman status issue first; to

14  be followed by a defense motion for summary judgment testing the seaman status issue." (Mot. at 11.)

15  Based upon this understanding, Defendant took the position that discovery was no longer necessary

16  and that all facts for disposition of a summary judgment motion had been uncovered.  Plaintiff argues

17  discovery was not limited to the issue of whether Plaintiff was a seaman and even if that were the case,

18  he has yet to depose individuals who could provide information that could form a basis for his

19  opposition to the summary judgment motion.

20        (b)    *Legal Standards*

21        Federal Rule of Civil Procedure 26(b)(1) provides:

22      Unless otherwise limited by court order, the scope of discovery is as follows: Parties
    may obtain discovery regarding any nonprivileged matter that is relevant to any party's
23  claim or defense-including the existence, description, nature, custody, condition, and
    location of any documents or other tangible things and the identity and location of
24  persons who know of any discoverable matter. For good cause, the court may order
    discovery of any matter relevant to the subject matter involved in the action. Relevant
25  information need not be admissible at trial if the discovery appears reasonably
    calculated to lead to the discovery of admissible evidence. All discovery is subject to
26  the limitations imposed by Rule 26(b)(2)(C).

27  "Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147

28  F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the burden of

<center>- 2 -</center>

1  establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party

2  opposing discovery has the burden of showing that the discovery should be prohibited, and the burden

3  of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at * 1

4  (S.D. Cal. May 14, 2009).   Those opposing discovery are "required to carry a heavy burden of

5  showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir.

6  1975).

7           (c)      *Determination*

8           Plaintiff has met his burden of establishing that the discovery he seeks is relevant to the issues

9  in this case.

10          Plaintiff specifically states that McWethy's testimony will establish that he signed a Captain

11  Registration Form identifying Plaintiff as a *C-Bandit* crew member.   (Mot. at 7.)   Evraets and

12  McCurley both work in the boat building shop and Plaintiff states they can testify that Plaintiff

13  stopped regularly working in the shop, performed work as a deckhand, and that Plaintiff's supervisors

14  referred to him as a crewmember of the vessel. (*Id*.)  Plaintiff seeks testimony from Harkins to clarify

15  the relationship between Titan and its affiliated company, Pacific Hospitality Group, for whom

16  Harkins is chief financial officer and from whom Plaintiff received paychecks while he actually

17  worked for Titan. (*Id*.)   Harkins will also be able to provide information regarding Plaintiff's

18  employee classification for purposes of pay. (Mot. at 7-8.)  Finally, Plaintiff states the deposition of

19  David Salinas became necessary when employee Witt testified during his deposition that the last thing

20  he saw on the day of the accident was Salinas standing in the open hatch, sanding woodwork.  (Mot.

21  at 8.)  Witt also stated that employees of non-party Knight and Carver may also have been working

22  in the forward state room after Witt left that day.  (*Id.*)   Plaintiff thus wants to depose Salinas

23  regarding whether he left the hatch open or whether he saw the Knight and Carver employees working

24  there.  (*Id*.)

25          Defendant has failed to meet its burden that the discovery sought by Plaintiff should be

26  prohibited.  First, while the Court may have directed the parties to *focus* on the seaman issue *for the*

27  *purpose of informing the Court whether they required a  mediator's opinion* on the issue, the Court

28  did not *limit* discovery to that issue.  Had the Court intended this, it would have so stated in the

1    subsequent Scheduling Order issued over a month after the Early Neutral Evaluation. [Doc. No. 12.]

2        Second, having not even filed a motion for summary judgment, Defendant uses the intention

3    to file as a justification for allowing the discovery period to run without providing relevant discovery

4    to Plaintiff. Disposition of a summary judgment motion is only proper after "adequate time for

5    discovery." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). Based on the specific arguments

6    presented by Plaintiff in this motion, there has not been adequate discovery in this case. Therefore,

7    even if this Court were to deny Plaintiff's motion to compel, Plaintiff would have a basis upon which

8    to file a motion for further discovery once Defendant's motion for summary judgment was filed

9    pursuant to Federal Rule of Civil Procedure 56(c)(4)(d):

10                If a nonmovant shows by affidavit or declaration that, for specified
reasons, it cannot present facts essential to justify its opposition, the

11                court may...(2) allow time...to take discovery.

12                              **CONCLUSION**

13        There was no limitation set by the Court on the subject of discovery. Plaintiff requested

14    depositions prior to the discovery deadline set in the Scheduling Order. Under Rule 26 Plaintiff is

15    entitled to broad discovery, and under Rule 56, to adequate time for discovery to support his

16    opposition to a motion for summary judgment. Accordingly, the Court **GRANTS** Plaintiff's request

17    to compel the depositions of Roger Evraets, Robert McCurley, William McWethy, Brian Harkins and

18    David Salinas. The Court will issue a First Amended Scheduling Order setting new deadlines to

19    accommodate the additional discovery.

20    **IT IS SO ORDERED**.

21    DATE: December 2, 2012

22

23                     NITA L. STORMES
                      United States Magistrate Judge

24

25

26

27

28